IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| DOUGLAS ANGUS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 620-108 |
| ) | |
| TIMOTHY C. WARD, Commissioner, ) | |
| D.O.C.; DEPUTY WARDEN IRWIN; ) | |
| WARDEN BOBBIT; J-PAY, SECIKUS ) | |
| TECHNOLOGIES; and GEORGIA STATE ) | |
| LEGISLATURE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Plaintiff, incarcerated at Georgia State Prison ("GSP") in Reidsville, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case brought pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I. SCREENING OF THE COMPLAINT

### A. BACKGROUND

Plaintiff names as Defendants: (1) Timothy C. Ward; (2) Deputy Warden Irwin; (3) Warden Bobbit; (4) J-Pay, Secikus Technologies; and (5) Georgia State Legislature. (Doc. no. 1, pp. 1, 5.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows.

On May 5, 2011, Plaintiff was charged a $257.00 filing fee for a state habeas corpus case. (Id. at 6.)  Plaintiff's prison account was frozen, and all funds coming into his account were taken until the fee was paid without Court review.  (Id.)  Plaintiff is deprived of access to personal hygiene products and legal materials due to the freezing of his account.  (Id.)  Plaintiff's account was charged another fee of $281.00 "for record transfer to the Georgia Supreme Court." (Id.)  When Plaintiff challenged the fee, his account was charged another $2,500.00 for court fees.  (Id.)  Plaintiff contends the fees are in retaliation for filing Court actions.  (Id.)  Plaintiff could not appeal his state habeas case or seek further court review because he refused to pay the record fees.  (Id. at 8.)  Plaintiff has complained about his account being charged for the last eight years; however, prison personnel have informed him the fees cannot be challenged in a grievance per Standard Operating Procedure.  (Id. at10).  Plaintiff's counselor informed him if he paid a portion of the outstanding amount his account would be unfrozen.  (Id. at 11.)

On February 27, 2019, Plaintiff wrote Defendant J-Pay requesting to open a new account for e-mail and music, to which Defendant never responded.  (Id.)  Plaintiff also wrote a "trouble ticket" to Defendant J-Pay asking to open his frozen account, to which they directed Plaintiff to contact the prison.  (Id.)  Plaintiff informed Wardens Irwin and Bobbit of the circumstances surrounding his allegations by grievances, letters, and in person communication.  (Id. at 11, 14.) "Defendant Ward has developed a policy 'given the force of law' through his official capacity as Commissioner of the D.O.C."  (Id. at 13.)  Plaintiff contends the Georgia State Legislature has enacted laws to intentionally treat inmates unfairly.  (Id. at 16.)

For relief, Plaintiff requests class certification, appointment of counsel, declaratory relief, and damages.  (Id. at 9.)

B.    DISCUSSION

1.    **Legal Standard for Screening**

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it "offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 555, 557). In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'" Twombly, 550 U.S. at

557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). However, this liberal construction does not mean that the Court has a duty to re-write the complaint. Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Plaintiff Fails to State a Valid Claim against any Defendant for the Freezing of His Inmate Account

The Fourteenth Amendment does not protect against all deprivations of property, only against deprivations that occur "without due process of law." Parratt v. Taylor, 451 U.S. 527, 537 (1981), *overruled on other grounds*, Daniels v. Williams, 474 U.S. 327, 330-31 (1986). Georgia has created a civil cause of action for the wrongful deprivation of personal property. O.C.G.A. § 51-10-1. This statutory provision covers the unauthorized deprivation of an inmate's property by prison officials. Grant v. Newsome, 411 S.E.2d 796, 799 (Ga. App. 1991) (holding wardens of prison who froze inmate account did not give rise to federal § 1983 action because adequate state post deprivation remedy was available to redress inmate's property damage). The statutory cause of action constitutes an adequate post-deprivation remedy under Parratt. See Byrd v. Stewart, 811 F.2d 554, 555 n.1 (11th Cir. 1987). Thus, Plaintiff has an adequate remedy at State law, and he fails to state a valid § 1983 claim.

### 3. Even if Plaintiff Did State a Valid Claim for the Freezing of His Inmate Account, Plaintiff Still Fails to State a Claim Against Any Defendant
#### a. Plaintiff Fails to State a Supervisory Claim Against Defendants Ward, Irwin, and Bobbit

Plaintiff's complaint fails to state a claim against Defendants Ward, Irwin, and Bobbit

because he is attempting to hold them liable merely in light of their supervisory positions. "Supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability." Hartley v. Parnell, 193 F.3d 1263, 1269 (11th Cir. 1999) (internal quotation marks and citation omitted); see also Rosa v. Fla. Dep't of Corr., 522 F. App'x 710, 714 (11th Cir. 2013). Likewise, supervisors and employers cannot be sued under § 1983 simply on a theory of *respondeat superior*. See Kruger v. Jenne, 164 F. Supp.2d 1330, 1333-34 (S.D. Fla. 2000) (citing Powell v. Shopco Laurel, Co., 678 F.2d 504 (4th Cir. 1982)) (explaining that employer which provided medical care for state inmates could not be sued under § 1983 on *respondeat superior* theory).

"Because vicarious liability is inapplicable to § 1983 actions, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Rosa, 522 F. App'x at 714 (quoting Iqbal, 556 U.S. at 676) (internal quotations omitted). Therefore, to hold Defendants liable, Plaintiff must demonstrate they (1) actually participated in the alleged constitutional violation, or (2) there is a causal connection between the individual's actions and the alleged constitutional violation. See Hartley, 193 F.3d at 1269 (citing Brown v. Crawford, 906 F.2d 667, 671 (11th Cir. 1990)). Here, Plaintiff's allegations state Defendants are liable not because of their direct involvement in the events about which he complains, but by virtue of their supervisory positions at GSP and within the Georgia prison system, the knowledge gained as a result of Plaintiff sending grievances and letters, the failure to act in response to those grievances and letters, and the failure to control subordinates.

Thus, nowhere does Plaintiff allege Defendants were present for, or participated in, the freezing of his inmate account, other than his unsupported conclusory allegation

Defendant Ward "has developed a policy 'given the force of law' through his official capacity as Commissioner of the D.O.C." (Doc. no. 1, p. 13.) Further, Plaintiff does not show Defendants Irwin and Bobbit were directly involved with Plaintiff's deprivation of property simply by alleging they received letters and/or grievances Plaintiff wrote about his problem.  See Asad v. Crosby, 158 F. App'x 166, 170-72 (11th Cir. 2005) (*per curiam*) (affirming district court's dismissal of supervisory liability claims against two defendants who failed, *inter alia*, "to afford [plaintiff] relief during the grievance process," because the record failed to show that they "personally participated in the alleged constitutional violations, or that there was a causal connection between the supervisory defendants' actions and an alleged constitutional violation"); Blackerby v. McNeil, No. CV 307-071, 2008 WL 2047814, at *1-2 (S.D. Ga. May 13, 2008) (dismissing claim against prison official who allegedly failed to act in accordance with the plaintiff's wishes concerning information in a grievance and a letter); see also Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999) (refusing to impose liability under § 1983 on supervisory officials who denied administrative grievances and otherwise failed to act based on allegations contained in the grievances); Crowder v. Lash, 687 F.2d 996, 1005-06 (7th Cir. 1982) (rejecting claim that Commissioner of Department of Corrections could be held liable for damages from any constitutional violation at a facility within his jurisdiction based on receipt of a letter describing allegedly improper prison conditions).

Therefore, Plaintiff must allege a causal connection between either Defendant and the asserted constitutional violations.  See Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (requiring an affirmative causal connection between a defendant and an alleged constitutional violation).  The "causal connection" can be established "when a history of widespread abuse puts

the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so," Brown, 906 F.2d at 671, or when "the supervisor's improper 'custom or policy . . . result[s] in deliberate indifference to constitutional rights.'" Hartley, 193 F.3d at 1269 (quoting Rivas v. Freeman, 940 F.2d 1491, 1495 (11th Cir. 1991)). The standard for demonstrating "widespread abuse" is high. In the Eleventh Circuit, "deprivations that constitute widespread abuse sufficient to notify the supervising official must be obvious, flagrant, rampant and of continued duration, rather than isolated occurrences." Brown, 906 F.2d at 671. A causal connection may also be shown when the facts support "an inference that the supervisor [or employer] directed the subordinates to act unlawfully or knew that the subordinates would act unlawfully and failed to stop them from doing so." Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003).

Plaintiff does not draw the necessary causal connection to any alleged constitutional violation. First, as discussed above, there was no underlying constitutional violation. Second, simply writing grievances and letters alleging staff is not doing their job does not show personal participation by Defendants Ward, Irwin, and Bobbit in depriving Plaintiff of his property, let alone show a widespread problem or suggest a policy or custom causing such a problem. In sum, Plaintiff has not shown Defendants Ward, Irwin, and Bobbit actually participated in the alleged constitutional violation; nor has he drawn the necessary causal connection to any alleged constitutional violation. Therefore, Plaintiff fails to state a claim upon which relief can be granted against Defendants Ward, Irwin, and Bobbit.

      **b.** **Plaintiff Fails to State a Valid Claim Against the Georgia State Legislature Because They Are Entitled to Legislative Immunity**

Plaintiff's complaint also fails to state a claim against the Georgia State Legislature

because their legislative activity entitles them to immunity. Legislators have absolute immunity under § 1983 when they act within their legislative roles and perform legislative acts. Brown v. Crawford Cty., Ga., 960 F.2d 1002, 1011 (11th Cir. 1992) (quoting Tower v. Glover, 467 U.S. 914, 920 (1984)). "[V]oting, debate and reacting to public opinion are manifestly in furtherance of legislative duties . . . Additionally, a legislative act is characterized by having a policymaking function and general application." Brown, 960 F.2d at 1011. In this case, the Georgia State Legislature's act of passing statutes which effect inmates is within the sphere of legitimate legislative activity. Therefore, the Georgia State Legislature is entitled to legislative immunity, and Plaintiff fails to state a claim against them.

### c. Plaintiff Fails to State a Claim Against Defendant J-Pay Because He Alleges No Wrongful Acts or Omissions

To state a valid claim, Plaintiff must specify the acts or omissions by each named defendant and explain how those acts and omissions caused the harm about which he complains. Douglas v. Yates, 535 F.3d 1316, 1321-22 (11th Cir. 2008) ("While we do not require technical niceties in pleading, we must demand that the complaint state with some minimal particularity how overt acts of the defendant caused a legal wrong."). Plaintiff's sole allegation against Defendant J-Pay is that Defendant directed Plaintiff to contact the prison concerning his frozen account and would not respond to his inquiry concerning opening a new account. (Doc. no. 1, p. 11.) Failing to respond to Plaintiff and directing him to contact the prison concerning his grievances is not actionable and fails to state a claim of any nature.

### 4. Plaintiff Fails to State a Valid Claim Based on An Alleged Violation of Prison Regulations

To the extent Plaintiff also complains his property and/or grievances were not processed in accordance with prison regulations, he fails to state a constitutional claim. An allegation of

non-compliance with a prison regulation by prison officials is not, in itself, sufficient to give rise to a claim upon which relief may be granted.  See Sandin v. Conner, 515 U.S. 472, 481-82 (1995) (noting that many prison regulations are "primarily designed to guide correctional officers in the administration of a prison" and that "such regulations are not designed to confer rights on inmates"); Mathews v. Moss, 506 F. App'x 981, 984 (11th Cir. 2013) (finding district court properly dismissed prisoner's claim concerning prison officials' alleged failure to follow prison procedures with respect to grievances); Taylor v. White, Civ. No. 11-0377-CG-N, 2012 WL 404588, at *5 (S.D. Ala. Jan. 10, 2012) ("A claim based on a prison official's failure to follow prison regulations or state regulations, without more, simply does not state a claim for deprivation of a constitutional right."), *adopted by*, 2012 WL 403849 (S.D. Ala. Feb. 7, 2012).  Accordingly, Plaintiff has failed to state a separate claim upon which relief may be granted based on any alleged violation of prison regulations.

### 5. Plaintiff's Motion for Preliminary Injunction

On December 2, 2020, Plaintiff filed what is titled "Declaration In Support of Plaintiff's Motion For A Temporary Restraining Order and Preliminary Injunction."  (Doc. no. 12.) Although Plaintiff does not style the filing as a proper motion, the Court construes his filing as a motion for preliminary injunction.  Plaintiff repeats the same, factual allegations from his complaint and requests access to his incoming funds for personal use.  (Id. at 1.)

A party moving for injunctive relief must show the following:  "(1) substantial likelihood of success on the merits; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; and (4) if issued, the injunction would not be adverse to the public interest."  McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998) (citing All

Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)). "A preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly establishes the 'burden of persuasion' as to the four requisites." All Care Nursing Serv., Inc., 887 F.2d at 1537 (citing United States v. Jefferson Cty., 720 F.2d 1511, 1519 (11th Cir. 1983)).

Plaintiff has not shown a likelihood of success on the merits because the complaint allegations fail to state a claim, as discussed above. Nothing in Plaintiff's motion for injunctive relief convinces the Court otherwise. Indeed, the motion contains the same factual allegations as the complaint which fail to state a valid § 1983 claim. For these reasons, Plaintiff's motion for injunctive relief is denied.

## II.   CONCLUSION

For the reasons set forth above, the Court **DISMISSES** Plaintiff's complaint for failure to state a claim upon which relief can be granted, **DENIES** Plaintiff's motion for a temporary restraining order, (doc. no. 12), and **CLOSES** this civil action.

SO ORDERED this 5th day of February, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA